UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CAHILLANE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil Action No. 22-30156-MGM |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

September 3, 2025

MASTROIANNI, U.S.D.J.

This case arises out of a motor vehicle accident that occurred on January 16, 2020, when a vehicle owned by the United States and driven by a government employee, struck the driver's side of a vehicle driven by Margaret Cahillane ("Plaintiff"), as she was making a left turn. Plaintiff suffered significant injuries in the collision, and she brings a negligence claim against the United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* This court held a bench trial over several days between May 5, 2025 and July 17, 2025. On June 4, 2025, prior to calling its first witness, Defendant moved for a judgment based on partial findings under Fed. R. Civ. P. 52(c). Defendant argued Plaintiff failed to meet her burden of establishing the government employee's negligence. After hearing argument, the court made findings on the record regarding the strength of the evidence of negligence presented during Plaintiff's case and denied the motion. At the close of all evidence, Defendant moved for judgment in its favor under Fed. R. Civ. P. 52(a)(1). The court reserved judgment until after it could review the parties' proposed findings of fact and conclusions of law and hear closing arguments.

1

The parties filed their proposed findings of fact and conclusions of law on July 7, 2025, and presented their closing arguments on July 17, 2025. Immediately following the closings, the court made findings on the record regarding negligence. The court concluded the findings made at the close of Plaintiff's case remained appliable following Defendant's evidence and the parties' closings. As the court explained on the record, Plaintiff proved, by a preponderance of the evidence, that Defendant was negligent. Specifically, the government employee owed Plaintiff a duty of care while operating a government-issued vehicle in a public way. He breached that duty by taking his attention off the road in the moments leading up to the collision, despite his familiarity with the road and location of the condominium complex into which Plaintiff was turning when he struck her vehicle. The court also found Defendant had not shown by a preponderance of the evidence that any action or inaction on the part of Plaintiff, such as a delay before commencing her turn, contributed to the collision. Defendant conceded that causation was clearly established as to the injuries to Plaintiff's left fibula, left shoulder, and left bicep. The parties agree that Plaintiff incurred $79,741.10 in reasonable and necessary medical expenses for those injuries. The court took the issues of causation of Plaintiff's injuries to her neck, back, hip, left knee, and right shoulder and emotional distress under advisement.

A defendant is only liable for a plaintiff's injuries if the defendant's actions are both the legal and factual cause of those injuries. *Doull v. Foster*, 163 N.E.3d 976, 983 (Mass. 2021). Legal causation exists when "the defendant's conduct was within the 'scope of liability.'" *Id.* The court's determination that the collision was caused by the government employee's breach of the duty he owed other motorists establishes legal causation as to those injuries for which Plaintiff proves factual causation. "Generally, a defendant is a factual cause of a harm if the harm would not have occurred 'but for' the defendant's negligent conduct." *Id.* This does not mean Plaintiff had to prove the collision was the *only* factual cause of her injuries. *Id.* at 986-87. A defendant takes a plaintiff as it

finds her, and Plaintiff is clearly entitled to recover for any aggravation of her preexisting conditions caused by the collision. *Figueroa-Torres v. Toledo-Dávila*, 232 F.3d 270, 275 (1st Cir. 2000). However, since "[a] defendant may be held liable only for the damages that it actually causes," Plaintiff had to prove, by a preponderance of the evidence, a causal connection between the collision and each of her injuries. *Limone v. United States*, 579 F.3d 79, 108 (1st Cir. 2009). Based on the testimony and exhibits presented at the bench trial, credibility determinations, and reasonable inferences drawn from the evidence, as well as the court's review of the parties' proposed findings of fact, the court finds the following facts.

Plaintiff was an active individual for most of her life. She traveled extensively and regularly enjoyed activities such as walking, bicycling, and golf. In 2017, Plaintiff's wife became ill and passed away within months. During this difficult period, Plaintiff became less active, and she had not completely returned to her previous level of activity when the accident occurred in January 2020. Well before the accident, Plaintiff began experiencing chronic pain that went beyond the type of daily aches and pains easily managed with occasional use of over-the-counter pain medication. Plaintiff had a history of polyarthritis and had experienced pain in her right shoulder, left knee, and back. The right shoulder pain was so severe that Plaintiff underwent surgery twice prior to the 2020 collision, first in 2006 and again in 2014. Plaintiff had chronic pain from a bilateral mastectomy and had been taking Vicodin daily since approximately December 2009. She also had been taking medication to treat depression and anxiety since 2014.

Immediately after the accident, Plaintiff experienced exacerbated pain in her neck, back, and left knee, as well as injuries to her left leg, left shoulder, and left bicep. The day after the accident Plaintiff went to an urgent care clinic. Pain medication was administered during her visit, and she was prescribed a five-day supply of tramadol, an opioid pain reliever. Plaintiff visited her primary care provider on January 20, 2020. He referred her for physical therapy, but did not prescribe any

3

additional pain medication. Plaintiff began receiving physical therapy for low back and neck pain on January 24, 2020. She attended physical therapy regularly until March 5, 2020. During the start of the COVID-19 pandemic she did not attend physical therapy. In late April 2020, she resumed physical therapy to treat pain in her neck and back. At her physical therapy appointment on May 7, 2020, Plaintiff reported "only stiffness in back and neck today, no pain" and expressed a desire to complete physical therapy for her neck and back so that she could begin physical therapy for her left leg. (Joint Ex. JX-4, 116.) Plaintiff requested a discharge from her plan of care on May 19, 2020.

The court finds the collision caused aggravation of pain in Plaintiff's back and neck, as well as her left knee, but did not cause the later meniscus tear that required surgical repair. Additionally, the court finds that, as of May 19, 2020, Plaintiff had successfully treated the increased pain in her back, neck, and left knee. Plaintiff connects the collision with a range of physical and emotional health symptoms she has experienced in the years since the collision, but her testimony as to causation is insufficient to carry her burden. The court does not doubt the sincerity of Plaintiff's belief that she would be in significantly better overall health today had the collision not occurred, but her intuitive belief is not an accurate or reliable measure of causation. The insufficiency of her subjective assessment as to causation is, perhaps, best illustrated by her completely honest, but obviously mistaken, testimony that the collision caused a hiatal hernia diagnosed in 2023.

Plaintiff had a history of arthritic and degenerative joint pain prior to the collision, and she also had experienced the very difficult loss of her wife in 2017. Defendant's experts, Dr. Richmond and Dr. Michna, credibly testified Plaintiff's arthritis and osteoporosis, rather than trauma from the collision, were the likely causes of the compression fracture in Plaintiff's lumbar spine diagnosed in August 2020, the degenerative changes to her left knee and tear to her left meniscus diagnosed in March 2021, left sacroiliac pain diagnosed in December 2022, and right shoulder pain beginning in late 2023. Plaintiff's expert, Dr. Feliz, had a narrower field of expertise and his opinions regarding

the causes of Plaintiff's pain symptoms were not persuasive. Additionally, while Plaintiff clearly suffered significant mental distress and anxiety following the collision, she has not established by a preponderance of the evidence that the accident is the cause of any significant long-term changes in her mental state.

With respect to her left fibula, the court finds Plaintiff experienced significant pain between the time of the collision and June 2020, when her orthopedist determined the fracture had completely healed and Plaintiff discharged from a course of physical therapy treating left leg pain, and continues to have some residual, intermittent discomfort. Plaintiff's left shoulder and left bicep were also injured during the collision. She experienced significant pain and underwent two surgeries to repair the injuries. Even after a second surgery, Plaintiff has experienced varying levels of pain and discomfort and has moderate limitations in her use of her left shoulder and left bicep, as well as a cosmetic issue with her left bicep, all of which are likely to continue indefinitely.

Having fully considered the injuries caused by the accident and their impact on Plaintiff, the court awards Plaintiff $450,000. This figure includes Plaintiff's medical expenses of $79,741.10, incurred to treat the injuries to her left fibula, left shoulder, and left bicep, and the additional amount of medical expenses incurred to treat the temporary neck, back, and left knee pain between January and May 2020. The balance of the award provides compensation for Plaintiff's pain and suffering. The Clerk is directed to enter judgment accordingly, and this case may now be closed.

It is So Ordered.

 /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge